NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GLOBAL ONE FINANCIAL, INC., on its own behalf and on behalf of WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>FOOT & ANKLE INSTITUTE OF NORTH JERSEY, PA and ANTHONY ENRICO, M.D.,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-01226 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for partial summary judgment pursuant to FED. R. CIV. P. 56 by Plaintiff Global One Financial, Inc., on its own behalf and on behalf of Wells Fargo Bank, National Association (Collectively, "Global One") against Defendant Foot & Ankle Institute of North Jersey, PA ("Foot & Ankle"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, this Court finds that Plaintiff Global One's motion for partial summary judgment is **denied**.

**I.  BACKGROUND**[1]

Foot & Ankle is a professional corporation of the State of New Jersey. Its owner and sole shareholder is Defendant Anthony Enrico ("Enrico"). Global One alleges that Enrico entered

---

[1] The facts set forth in this Opinion are taken from Plaintiff's FED. R. CIV. P. 56.1 statement of undisputed material facts and Defendant Foot & Ankle's responses thereto.

into a Promissory Note and Security Agreement ("Agreement") on March 10, 2005, in which Global One agreed to loan $500,000 to Foot & Ankle for the purpose of securing a life insurance policy for Enrico.  Global One further alleges that in exchange for the loan, Foot & Ankle was responsible for paying the interest accruing on the loan each month.  To secure the repayment of the loan, Global One alleges that Foot & Ankle gave Global One a security interest in its accounts and health care insurance receivables.  Foot & Ankle failed to make the requisite payments pursuant to the Agreement.  Global One sent a default notice on or about January 26, 2006, to Foot & Ankle that it was in breach.  Global One gave Foot & Ankle a ten-day period to cure their default.  When they had failed to do so, Global One sent a second default notice on February 6, 2006.  Global One alleges that as of September 10, 2007, it is owed $432,501.42 from Foot & Ankle.

Foot & Ankle disputes many of these allegations, asserting that Enrico did not fully understand, nor did Enrico intend or desire to enter into the alleged Agreement.  Enrico alleges that he believed that the Agreement was an annuity or retirement plan, not a secured loan for the purchase of life insurance.  Moreover, Foot & Ankle alleges that Fred Saide ("Saide"), the individual who allegedly brokered the deal between Foot & Ankle and Global One, made material misrepresentations designed to induce Enrico to enter into the Agreement with Global One.  These alleged misrepresentations include statements made by Saide regarding the penalties of failing to comply with the terms of the Agreement, as well as assertions made by Saide as to the nature of the Agreement.  Specifically, Foot & Ankle alleges that Saide conveyed that the Agreement was an annuity plan.  Foot & Ankle further claims that Saide was motivated to secure the Agreement and, as a result, misled Enrico in order to achieve this goal.

Global One now moves for partial summary judgment against only Defendant Foot & Ankle on the grounds that Foot & Ankle entered into, and subsequently breached, a valid contract by failing to make timely payments in accordance with the Agreement. Foot & Ankle opposes Global One's partial motion for summary judgment on the basis that Enrico did not understand the nature, penalties or terms of the Agreement, and that he was fraudulently induced by Saide to enter into the Agreement.

## II.   STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party."

3

Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

**III.   DISCUSSION**

After carefully reviewing the submissions by the parties, this court finds that there are genuine issues of material fact, thereby precluding summary judgment.  As such, Global One's motion for partial summary judgment is **denied.**

**A.   A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER SAIDE FRAUDULENTLY INDUCED ENRICO TO ENTER INTO THE AGREEMENT.**

There exists a genuine issue of material fact as to whether Saide made material misrepresentations with the purpose of fraudulently inducing Enrico to enter into the Agreement. The five elements of common-law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person;  and (5) resulting damages."  Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (N.J. 1997) (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624-25 (1981)).  It is this Court's finding that Foot & Ankle has raised an issue of material fact as to whether Saide engaged in fraud as a means to induce Enrico into entering into the Agreement.  Further, Foot & Ankle properly argues that because they have not had an opportunity to depose Saide and discovery has not yet been completed, granting summary judgment would be premature.

In response to Foot & Ankle's argument that Saide fraudulently induced Enrico into entering the Agreement, Global One asserts that Foot & Ankle is only arguing this point to avoid

4

summary judgement.  Further, Global One presents that the only document submitted in support of Foot & Ankle's fraud contention is Enrico's affidavit.  While this argument supports Global One's position that Foot & Ankle cannot support a claim of fraudulent inducement, it does not dispose of the issue.  Global One's argument goes to the weight of the evidence; a question of fact for the jury still exists.

In response to Foot & Ankle's opposition to summary judgment, Global One argues that failure to read a contract is not a defense to enforcement of its terms.  This court recognizes that "in the absence of fraud [or duress], one who does not choose to read a contract before signing it cannot later relieve himself of its burdens." Moreira Constr. Co. v. Moretrench Corp., 97 N.J. Super. 391, 394 (App. Div. 1967).  Here, however, the existence of a fraud perpetrated against Enrico by Saide is a disputed fact.  As such, summary judgment is precluded.

In its reply to Plaintiff's opposition brief, Global One argues that further discovery, which includes deposing Saide, is unnecessary because any testimony provided by Saide will not change the fact that Foot & Ankle stopped paying the premium.  This argument fails to address the issue of whether Enrico was fradulently induced into entering the Agreement, one of the main purposes for Saide's deposition.  As this court has previously stated, Saide's testimony is necessary to determine whether there was fraud perpetrated against Enrico and Foot & Ankle.  As such, the grant of summary judgment is premature because further discovery is needed.

    **B.**    **FOOT & ANKLE'S UNCONSCIONABILITY ARGUMENT.**

As a second basis for opposing summary judgment, Foot & Ankle argues that the Agreement was unconscionable and, therefore, not valid.  This court has already determined that

a genuine issue of material fact exists, thereby precluding summary judgment.  Thus, this Court sees no reason to address the argument for the purposes of determining whether to deny summary judgment.

**IV.**     CONCLUSION

For the reasons stated, it is the finding of this Court that Global One's motion for partial summary judgment is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:           February   21  , 2008  
Orig.:          Clerk  
cc:             All Counsel of Record  
                Hon. Mark Falk, U.S.M.J.  
                File